WIENER, Circuit Judge,
concurring in part and dissenting in part.
I concur in the entirety of the panel majority’s Opinion with one exception: I must dissent from its failure to specify that qualified and independent assistance — which may be an attorney, but need not be, as spelled out in Vitek for mentally impaired inmates — must be afforded to a non-sex offender parolee like Meza. The class comprising parolees who have never been convicted of sex offenses should be entitled to no less process than is afforded to the class comprising inmates who will remain in custody and merely face transfer from a prison to a mental institution. The disparity in the level of the liberty interest of parolees vis a vis that of inmates is significantly greater than the disparity in the relatively small, secondary liberty interest of inmates who, like the one in Vitek, merely face being transferred from prison to a mental institution. In comparison, the need for qualified and independent non-lawyer assistance by a mentally competent parolee might well equal or even exceed the need for such assistance by many an inmate with mental issues. Indeed, the case can be made for the proposition that a substantial majority of mentally competent former inmates who are on parole are nevertheless so limited intellectually and so under-educated that their need of such assistance is at least as great as that of many mentally disturbed inmates. When considered in light of the Supreme Court’s recognition that the label of sex-offender is the most stigmatizing of all those encountered in any of these cases, the panel majority’s failure to afford non-attorney assistance to parolees like Meza cannot be justified, particularly given that such assistance can be provided by the State with relatively little difficulty and at relatively modest cost. Because I conclude that failure to require such assistance for non-sex offender parolees like Meza violates their Due Process rights, I respectfully dissent from the otherwise proper holding of the panel majority.